## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| SLASH CREEK WATERWORKS, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-02140-SLS |
| ) | |
| HOWARD LUTNICK, in his official capacity ) | |
| as Secretary of Commerce, et al., ) | |
| ) | |
| Federal Defendants. ) | |

## JOINT MOTION FOR A STAY OF PROCEEDINGS

The parties respectfully request that this Court approve this joint motion for a stay of proceedings in the above-referenced case until the conclusion of a case currently pending in the D.C. Circuit, *Slash Creek Waterworks, Inc. v. Lutnick*, No. 25-5042 (D.C. Cir.) ("*Slash Creek Appeal*"). In support of this motion, the parties state as follows:

1. Plaintiffs filed their Complaint on July 3, 2025. ECF No. 1. The Complaint challenges a final rule implementing Amendment 59 to the Fishery Management Plan for the Snapper-Grouper Fishery of the South Atlantic Region under the Magnuson-Stevens Fishery Conservation and Management Act ("MSA") and Administrative Procedure Act. *See* Snapper-Grouper Fishery of the South Atlantic; Amendment 59, 90 Fed. Reg. 24,527 (June 11, 2025) ("Amendment 59 Final Rule"). The MSA's judicial review provision requires petitions for review of regulations promulgated by the National Marine Fisheries Service ("NMFS") to be filed within 30 days of the regulation's issuance. 16 U.S.C. § 1855(f)(1).

2. Plaintiffs served the Complaint on the Secretary of Commerce on August 7, 2025. ECF No. 5; *see* 16 U.S.C. § 1855(f)(3)(A).

3.   Federal Defendants' response to the Complaint and the administrative record for the Amendment 59 Final Rule are due September 22, 2025. *See* 16 U.S.C. § 1855(f)(3).

4.   Plaintiffs allege that the Amendment 59 Final Rule establishes an improper annual catch limit mechanism for red snapper in violation of 16 U.S.C. § 1853(a)(15) because NMFS failed to include dead discards in the mechanism. ECF No. 1 at ¶¶ 105-18.

5.   In the district court decision preceding the *Slash Creek* Appeal, the district court granted summary judgment to Federal Defendants on claims related to NMFS's annual catch limit for South Atlantic red snapper and found that, for the agency actions at issue in that case, NMFS did not violate the MSA "by excluding bycatch and dead discards from the annual catch limit, but rather accounting for those figures elsewhere in their considerations." *Slash Creek Waterworks, Inc. v. Raimondo*, No. CV 23-1755 (RC), 2025 WL 358770, at *13 (D.D.C. Jan. 31, 2025).

6.   The decision in the *Slash Creek* Appeal could resolve the claims in this matter without the need for further litigation.

7.   Thus, in the interest of judicial economy and the parties' interest in avoiding further litigation, the parties now respectfully request this litigation be stayed until 30 days after an order issues in the *Slash Creek* Appeal resolving that matter. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.").

8.   The Parties will file a joint status report within 30 days of the issuance of an order resolving the *Slash Creek* Appeal, to update the Court on the status of that matter and, if necessary, to propose a schedule for further proceedings in this case.

9.   This is the parties' first motion for a stay of proceedings.

NOW THEREFORE, the parties respectfully request that this Court enter an order as follows:

1.  All proceedings in the above-captioned litigation are stayed until 30 days after issuance of an order resolving *Slash Creek Waterworks, Inc. v. Lutnick*, No. 25-5042 (D.C. Cir.).

2.  Within 30 days of the issuance of an order resolving *Slash Creek Waterworks, Inc. v. Lutnick*, No. 25-5042 (D.C. Cir.), the Parties will file a joint status report to update the Court on the status of that matter and, if necessary, to propose a schedule for further proceedings in this case.

Dated:  August 19, 2025                    Respectfully submitted,

*/s/ Seth L. Atkinson*
Seth L. Atkinson (Bar ID CA00190)
Quillback Consulting
348 Nobel Drive
Santa Cruz, CA 95060
(203) 331-2792
seth@quillbackconsulting.com

*Counsel for Plaintiffs*

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

MEREDITH L. FLAX, Deputy Section Chief

MARK ARTHUR BROWN, Senior Trial Attorney
D.C. Bar No. 470050
*/s/ Kamela A. Caschette*
KAMELA A. CASCHETTE, Trial Attorney
Wildlife and Marine Resources Section
4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
Tel.: 202-532-3103 (Brown); 202-598-7868 (Caschette)
mark.brown@usdoj.gov
kamela.caschette@usdoj.gov

*Counsel for Federal Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Kamela A. Caschette*
KAMELA A. CASCHETTE
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 202-598-7868
Fax: (202) 305-0275
Email: kamela.caschette@usdoj.gov

*Attorney for Federal Defendants*
